<em>Addison.</em><br>January,<br>1797.<br><br>Everts<br><em>vs.</em><br>Brown.

Verdict for the defendant.

---

## EASTMAN vs. HODGES.

An agent is a competent witness to prove the payment of money, for his principal, although he be accountable to the principal, in case the principal cannot avail himself of such payment

If money be paid by A. to B on a note which B. holds against A., and B refuse to endorse it on the note, or to allow it in payment, A may recover the amount of B. in an action of *indebitatus assumpsit* for money had and received, altho' the note still remain unpaid,

THIS was an action of *indebitatus assumpsit* for money had and received.

<em>Addison,</em><br>January,<br>1797.

Plea—*The General Issue.*

Gilmore was produced as a witness on the part of the plaintiff, to prove that he, as the plaintiff's agent, had paid the money to the defendant.

*Darius Chipman,* for the defendant, objected that as Gilmore received the money of the plaintiff, to pay to the defendant, he stood accountable to the plaintiff for the money, unless it could be proved that he paid it over; consequently he was interested, and not a competent witness; for he is not discharged unless the plaintiff recover in this action. A recovery will discharge him.

*By the Court.* It is the case of an Agent. It does not go to the competency of the witness, but to his credibility only. The objection was accordingly overruled, and the witness was sworn.

He testified, that the plaintiff sent by him £15, to pay to the defendant on a note, which the defendant held against the plaintiff—that he paid the money to the defendant, who said he would endorse it—took out a piece of paper and wrote, as he supposed an endorsement on the note, but said he did not know this, because he could not read.—That having afterwards understood that the defendant denied having received the money, he called on him in company

*Addison,*
*January,*
*1797.*

Eastman
*vs.*
Hodges.

with the plaintiff—that the defendant said he did not receive the money on account of the gold falling short in weight, and that the witness carried it away.

Other witnesses testified that the defendant afterwards produced the note, and that there was no endorsement upon it.—That he insisted on being paid the whole amount of the note, which he said was due, and refused to receive what remained due after deducting the sum said to have been paid by Gilmore, although once tendered by the plaintiff.

On the part of the defendant, depositions were read, to prove that Gilmore did not pay the money, but that he carried it away.

The counsel for the plaintiff insisted that as the money was paid, and the defendant had constantly denied the receipt of it, and refused to apply it on the note, the plaintiff was entitled to recover.

The counsel for defendant insisted that if the Jury were of opinion that Gilmore had paid the money, (which he did not admit to be proved) yet the defendant ought not to be accountable in this action.—That if the money was received, it was received on a note, on which there was, and still is due, more than the amount of the money said to have been paid. If proved to have been received, the defendant would endorse it on the note.

CHIPMAN, Ch. J., in his charge to the Jury, observed, that if they found that the money was paid, the action was well supported. Had the defendant received the money and merely neglected to make the endorsement, but stood ready to allow it on the note, it would have been a different case. But as he has constantly denied the receipt of the money, and still denies it, and has demanded the whole amount of the note, should he, on the suggestion of his counsel, recover in this action and obtain a bill of *cost,* there is no security that he will hereafter allow it on the note. As he has refused to apply the money and account for it as originally intended, and has here defended on that ground, it is but justice that he should account for it in this action.

Verdict for the plaintiff.